1  ADAM WANG (STATE BAR NUMBER 201233)
   DAL BON & WANG
   12 South First Street, Suite 613
2  San Jose, CA 95113
   Tel: (408) 292-1040
3  Fax: (408) 292-1045

4  Attorney for Plaintiff
   Daniel Cai
5

6

7                    UNITED STATES DISTRICT COURT

                FOR DISTRICT OF NORTHERN CALIFORNIA

8  DANIEL CAI                          Case No.:

9          Plaintiff,                  COMPLAINT FOR DAMAGE AND
                                        DEMAND FOR JURY TRIAL
10     vs.                             1). Violation of California Labor Code §1194;
                                        2). Violations of The Fair Labor Standards Act
11 CCL GROUP INC., DBA YOTAKA SUSHI    (Non-payment of overtime); 3). "Waiting Time"
   BAR & GRILL, EVELYN TANG & DOES 1   Penalties under California Labor Code §203;
12 TO 10,                              and 4) For Restitution of Unpaid Wages in
                                        Violation of California Unfair Trade Practices
13         Defendants                  Act under Business and Professions Code §
                                        17203
14
         Plaintiff, Daniel Cai ("Cai"), for his complaint, alleges as follows:
15

16                          **NATURE OF CLAIM**

17      1.      This is a complaint by a former employee against his ex-employer for damages

18 arising out of his employer's failure to pay overtime as required by the Fair Labor Standards Act

19 and the California Wage Orders and statutes. The Plaintiff seeks compensatory damages for

20 unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), damages under

21 California Labor Code §226.7 for failure to provide meal periods, waiting time penalties under

   California Labor Code §§ 203, and attorney's fees, costs, and pre judgment interest pursuant to
22
   California Labor Code § 1194(a) and 29 U.S.C. § 216(b).  Plaintiff also seeks restitution under
23
   California Unfair Trade Practices Act under California Business and Professions Code § 17203.
24
                                   **PARTIES**
25
       2. At all times relevant herein, Plaintiff Cai was an employee of defendant CCL Group

                                        1

   **COMPLAINT**
   Cai v. CCL Sushi Bar & Grill, et al.

Inc., doing business as Yotaka Sushi Bar and Grill ("CCL").

3. Defendant CCL, according to information belief, is a restaurant business in Danville, California.

4. The individual defendants Evelyn Tang ("E. Tang")  and Does 1 through 10 were officers, owners or employees of CCL, having control over Plaintiff's work condition and work situation.  Doe defendants are sued fictiously because their identities are not yet known to the Plaintiff.

5. Individual defendants E. Tang and DOES 1 through 10, inclusive, are liable for the acts of defendant CCL as its alter egos.  Recognition of the privilege of separate existence would promote injustice because defendants have in bad faith dominated and controlled defendant CCL.  Plaintiff is informed and believes, and thereon alleges that defendants E. Tang, and DOES 1 through 10 inclusive have:

a) Commingled funds and other assets of defendant CCL and their own funds and other assets for their own convenience and to assist in evading payment of obligations;

b) Diverted funds and other assets of defendant CCL to other than corporate uses;

c) Treated the assets of the defendant CCL as their own;

d) Failed to obtain authority to issue shares or to subscribe to or issue shares of defendant CCL;

e) Failed to maintain minutes or adequate corporate records of defendant CCL;

f) Failed to adequately capitalize or provide any assets to defendant CCL;

g) Used defendant CCL as a mere shell, instrumentality, or conduit; and/or

h) Diverted assets from defendant CCL to themselves, to the detriment of creditors, including plaintiff.

### SUBJECT MATTER JURISDICTION AND VENUE

6. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

7. This Court is a proper venue, since all events giving rise to this lawsuit have occurred

2

1 | in this district.

## GENERAL ALLEGATIONS

8. Plaintiff Cai was employed by the Defendant CCL as a sushi helper.

9. Throughout his employment with defendant CCL, the Plaintiff worked substantial number of overtime hours in excess of 8 hours a day and forty fours a week.

10. Plaintiff did not perform "exempt" job duties in his position as a sushi helper with Defendant CCL, and thus was not subjected to any exemptions from overtime under the Fair Labor Standards Act and California Labor Code.

11. At no time during the Plaintiff's employment did plaintiff maintain any professional license with the state or practice any recognized profession, nor did plaintiff exclusively manage any division of defendant CCL where Plaintiff customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of his employer.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code §510*

12. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-11 as if fully stated herein.

13. At all relevant times herein, Plaintiff's employment was subject to California Labor Code §§ 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code § 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

14. During his employment with the defendant CCL, although Plaintiff regularly worked in excess of forty hours per week and in excess of eight hours per day, Plaintiff did not received required overtime rate from defendant for these overtime hours.

15. During the period that plaintiff was employed with defendant CCL, Defendant

3

knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and eight hours per day without paying plaintiff one and one half, or double of Plaintiff's regular rate of pay.

16. By not paying overtime wages in compliance with the state law, Defendants violated Plaintiff's rights under the law, specifically California Labor Code § 1194.

17. As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost overtime wages in amount to be proved at trial.

18. Defendant had been aware of the existence and requirements of the California Labor Code §§ 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay plaintiff the overtime compensation due to his at the time his employment ended.

19. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code § 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT TWO

*Violation of The Fair Labor Standards Act.,*

29 *U.S.* C. *§201, et seq.*

20. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and the Plaintiff was an individual employee covered by virtue of his direct engagement in interstate commerce.

22. FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiff was not so exempt during his employment with Defendant CCL,

4

COMPLAINT
Cai v. CCL Sushi Bar & Grill, et al.

1  Defendant knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of

2  forty hours per week without paying plaintiff one and one half of Plaintiff's regular rate of pay.

3      24. By not paying overtime wages in compliance with FLSA, Defendant violated

4  Plaintiff's rights under FLSA.

5      25. As a direct and proximate result of defendants' failure to pay proper wages under the

6  FLSA, Plaintiff incurred general damages in the form of lost overtime wages in amount to be

7  proved at trial.

    26. Defendant intentionally, with reckless disregard for their responsibilities under the

8  FLSA, and without good cause, failed to pay Plaintiff his proper pay, and thus Defendant is

9  liable to Plaintiff for liquidated damages in an amount equal to his lost overtime wages pursuant

10  to 29 U.S.C. § 216(b) of the FLSA.

11      27. Plaintiff was required to retain attorneys for bringing this action and is entitled to an

12  award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA equal to his

13  respective lost overtime wages.

14  WHEREFORE, Plaintiff prays for judgment as set forth below.

15  **COUNT THREE**

16  *Penalty for Failure to Pay Wages at Termination*

17  *California Labor Code § 203*

18      28. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-27 as if fully

19  stated herein.

20      29. At the time Plaintiff's employment with defendant CCL terminated, Defendants owed

21  Plaintiff in certain unpaid overtime wages.

22      30. Failure to pay proper wages at an employee's termination as required by Labor Code

23  §201 subjects the employer to penalties provided for in Labor Code § 203, up to 30 days of

24  wages.

25      31. As of this date these wages have not been paid, thus making Defendants liable to

Plaintiff for penalties equal to thirty (30) days wages in amount to be proved at trial.

1    WHEREFORE, Plaintiff prays for judgment as set forth below.

2                                    **COUNT FOUR**

*For Restitution of Unpaid Overtime Wages*
3    *in Violation of California's Unfair Trade Practices Act*

4                    *Business and Profession Code § 17203*

5        32.  Plaintiff re-alleges and   incorporates the  allegations of paragraphs 1-31 as if fully

6    stated herein.

7        33. At all times relevant herein, Plaintiff's employment with Defendant CCL was subject

8    to FLSA, California Labor Code and applicable Wage Orders promulgated by the California

9    Industrial Welfare Commission, which required all employees to be paid overtime for work

10   performed in excess of forty hours per week or eight hours per day unless specifically exempted by

11   the law.

12       34.  At all times relevant herein, defendants were subject to the California Unfair Trade

13   Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the

14   Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage

15   Orders.

16       35.   During the period Plaintiff was employed with Defendant CCL, Defendant failed to

17   pay Plaintiff legally required overtime pay to which he was legally entitled from Defendants,

18   with Defendants keeping to themselves the amount which should have been paid to Plaintiff.

19       36.   By doing so, Defendants violated California Unfair Trade Practices Act, Business

20   and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California

21   Wage Orders as well as FLSA, and thus giving them a competitive advantage over other

22   employers and businesses with whom defendants were in competition and who were in

23   compliance with the law.

24       37. As a direct and proximate result of Defendants' failure to pay the required overtime

25   pay, Plaintiff's rights under the law were violated and Plaintiff incurred general damages in the

form of unpaid wages to which he was legally entitled.

6

**COMPLAINT**
Cai v. CCL Sushi Bar & Grill, et al.

38.   Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

39.   Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against the Defendants and demands as follows:

1. For compensatory damages in unpaid overtime wages in amount to be proved at trial;

2. For liquidated damages equal to unpaid overtime wages in amount to be proved at trial;

3. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §§ 1194(a) & 218.5;

4. For waiting time penalty damages of thirty days wages to Plaintiff pursuant to California Labor Code § 203 in amount to be proved at trial;

5. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in amount to be proved at trial;

6. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

7. For costs of suit herein;

8. For such other and further relief as the Court may deem appropriate;

Dated:  December 21, 2007                           ADAM WANG


                                                    By:   /s/ Adam Wang_____.
                                                          Attorney for Plaintiff
                                                          Daniel Cai


7

1

**DEMAND FOR JURY TRIAL**

2

3

    Plaintiff hereby demands a trial by jury.

4

5   Dated:  December 21, 2005                   ADAM WANG

6

                                By:  ___/s/ Adam Wang_____ .

7                                    Attorney for Plaintiff
                                    Daniel Cai

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

8

**COMPLAINT**
Cai v. CCL Sushi Bar & Grill, et al.