1  ADAM WANG, Bar No. 201233
   LAW OFFICES OF ADAM WANG
2  12 South First Street, Suite 613
   San Jose, CA 95113
3  Tel: (408) 292-1040
   Fax: (408) 416-0248
4  waqw@sbcglobal.net\

5  Attorney for Plaintiffs

6                    UNITED STATES DISTRICT COURT

7                  FOR NORTHERN DISTRICT OF CALIFORNIA

| DANIEL CAI & TOM TANG | Case No.: C07-06444 JL<br>           C06-07912 JL |
|---|---|
| Plaintiff,<br><br>vs.<br><br>CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10,<br><br>Defendants | **NOTICE OF PLAINTIFFS' MOTION TO FOR LEAVE TO FILE FIRST AMENDED AMEND THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date:** September 3, 2008<br>**Time:** 9:30 AM<br>**Judge:** Honorable James Larson<br>**Trial Date:** None |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

THE NOTICE IS HEREBY GIVEN that on September 3, 2008 at 9:30 a.m., Plaintiffs will move for the leave to file the First Amended Complaint ("FAC"), attached hereto as Exhibit 1, to allege civil penalties under California Labor Code § 558 on behalf of Plaintiffs themselves pursuant to Labor Code Private Attorney General's Act, California Labor Code § 2699, *et seq.* ("PAGA"), to hold person acting on behalf of corporate Defendant CCL Group Inc. personally liable for Labor Code violations alleged in the Complaint.

This motion is supported by the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to File A First Amended Complaint, the Declaration of Adam Wang

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Cai, et al v. CCL Group Inc., et al.**
                                          1                    Case No.    C07-06444JL
                                                                            C06-07912JL

in support thereof, the other records, pleadings, and papers filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Daniel Cail and Tom Tang were employed by Defendant CCL Group Inc. who operated a successful restaurant Yotaka Sushi Bar and Grill in Danville, California. During the four years prior to their filing of the Complaint, Plaintiffs were required to work in excess of 8 hours a day and 40 hours a week on regular basis, but were not paid required overtime wage. In the current Complaints, Plaintiffs allege violations of California Labor Code and Fair Labor Standards Act ("FLSA"), seeking unpaid overtime and associated penalties.

In the current separate pleadings, Plaintiffs name CCL Group Inc. and individual Defendant Evenly Tang. The Complaint s allege that Evenly Tang is the owner, officer and manager of CCL Group Inc. having control over Plaintiffs' work condition and work situation, Complaints, at ¶ 4. The Complaints also alleges that Evenly Tang acted as alter ego for CCL Group Inc., Complaints, at ¶ 5.

The FAC will combine the two separate Complaints, and serve as a consolidated complaint. FAC also seeks to add a cause of action for unpaid wages pursued as civil penalties under California Labor Code § 558 against CCL Group Inc., as well as persons acting on behalf of CCL Group Inc. Under FLSA, corporate officers and managers having control over employees' work conditions and work situations are individually liable for unpaid overtime. See Bonnette v. California Health and Welfare Agency, 704 F.2d 1465 (9th Cir. 1983). However, FLSA affords less protection than California Labor Code. Specifically, when an employee was paid a fixed sum of salary, like the case here, and worked substantial overtime, the California Labor Code entitles employee to recover more overtime than the FLSA. See Espinoza v. Classic Pizza Inc., 114 Cal.App.4th 968 (2003). As such, Plaintiffs may not recover the full amount

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
Cai, et al v. CCL Group Inc., et al.
                                   2            Case No.    C07-06444JL
                                                            C06-07912JL

1  afforded under California labor Code against Evenly Tang individually unless Evenly Tang is
2  also held individually liable under California Labor Code § 558.

## II.  ARGUMENTS

### A.  RULE 15 IS LIBERALLY APPLIED

"Rule 15's policy favoring amendments to pleadings should be applied with 'extreme liberality.'" DCD Programs, Ltd. v. Leihgton, 833 F.2d 183, 186 (9th Cir. 1987). The underlying purpose of Rule 15 is to "facilitate decision on the merits rather than on the pleadings or technicalities." Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." State of Cal. ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citing Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)). "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner, 868 F.2d at 407.

Parties have only taken written discovery; no depositions have been taken.  Most importantly, the new cause of action bases on the same facts underlying the claims for unpaid overtime and unpaid meal premiums alleged in the exiting complaints.  As such, the addition of a new liability theory based on PAGA for unpaid overtime and meal premiums does not implicate any new facts, and does not affect discovery deadline as proposed by Parties and adopted by the Court.  Therefore, the proposed amendment will not prejudice the Defendants in any conceivable way.  Accordingly, no substantial reason exists to deny leave to amend.

### B.  DEFENDANT EVENLY TANG IS LIABLE UNDER CALIFORNIA LABOR CODE § 558

Under California Labor Code § 558, the employer and the person acting on behalf of the employer are liable for the unpaid wage and unpaid meal premiums collected as civil penalties

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Cai, et al v. CCL Group Inc., et al.**

                              3              Case No.   C07-06444JL
                                                        C06-07912JL

pursuant thereto[1]. In the discovery, Defendants admitted that Evenly Tang is a 100% owner of the corporate Defendant who employed Plaintiffs; and that Evenly Tang acted on behalf of CCL in hiring at least Plaintiff Tom Tang; calculating and paying the wages of both Plaintiffs.  As such, Defendant Evenly Tang is liable for unpaid wages pursued as civil penalties under California Labor Code § 558, enforced through Private Attorney General's Act, Cal Lab. Code § 2269, *et seq.* See   Reynolds v. Bement, 36 Cal. 4th 1075, at 1094 (2005) (conc. opn. of Moreno, J.).

### D. PLAINTIFFS WILL SATISFY THE REQUIREMENTS OF CALIFORNIA LABOR CODE § 2699.3

California Labor Code § 558 provides for recovery as civil penalty the unpaid wage and. California Labor Code § 2699 provides that "any provision …. for a civil penalty to be assessed ……, may … be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."  § 2699.3(c) provides that an action under § 558 by an aggrieved employee may be commenced if the employee gave a written notice by certified mail to California Labor and Workforce Development Agency ("CLWDA") and the employer specifying the section the employer allegedly had violated, and the facts and theories supporting

---

[1] Labor Code § 558 provides: "Any employer *or other person acting on behalf of an employer* who violates, or causes to be violated, …. any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
    (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
    (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages…."(emphasis added)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**Cai, et al v. CCL Group Inc., et al.**
    4          Case No.   C07-06444JL
                                                  C06-07912JL

the alleged violation; and the employer failed to cure the violation within 33 days of the written notice by the employee.

On July 28, 2008, Plaintiffs sent a written notice by certified mail to both CLWDA and Defendants CCL Group Inc., and Evenly Tang.  Plaintiffs anticipate that Defendants will not cured its violations within 33 days of such notice, and Plaintiffs anticipate that by the time of hearing of this motion, CLWDA will have issued a letter indicating that it does not intend to investigate into the alleged violations by Defendants.  As such, Plaintiffs may commence civil action on behalf of themselves and all former and current employees against Defendants pursuant to California Labor Code § 558.

### E.  DEFENDANTS CANNOT PROVE THAT THE PROPOSED AMENDMENTS ARE FUTILE

In light of the strong policy favoring leave to amend under Rule 15, absent showing that the amendments sought would be futile, there is no reason that Plaintiffs should not be granted leave to amend.  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).  As defendants are unable to make such a showing, the Court should allow Plaintiffs to file the proposed FAC.

### F.    PLAINTIFFS' PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS IN THIS CASE

Plaintiffs' proposed amendment will not prejudice Defendants in this case.  As stated above, the proposed amendment only adds the cause of action to hold Evenly Tang individually liable for unpaid wages under California Labor Code § 558 pursued as civil penalties.  This cause of action will base on the same facts underlying the claims for unpaid wages already alleged in the existing complaints. Parties have conducted written discoveries; and such discoveries have revealed that Evenly Tang had acted on behalf of Plaintiffs' employer CCL Group Inc.  To date, no depositions have been taken (Wang Decl., ¶ 4).  As such, the proposed amendments will not require more resources in litigating matters unrelated from the causes of actions already alleged in the current pleadings.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
<u>Cai, et al v. CCL Group Inc., et al.</u>
                                  5              Case No.    C07-06444JL
                                                              C06-07912JL

1    Furthermore, the current Complaints surround around the payroll practice and overtime policy of Defendants.  The proposed amendment seeking unpaid overtime wages for all employees will not change the operative facts alleged in current Complaint.  As such, Defendants' ability to preserve documents and witness testimony, and prepare the case for trial will not be prejudiced one bit. See <u>Sierra Club v. Penfold</u>, 857 F.2d 1307, 1315 (9th Cir. 1988) (recognizing that "once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added").

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the proposed First Amended Complaint.

Dated: July 28, 2008

*Adam Wang*
Attorney for Plaintiffs
Daniel Cai & Tom Tang

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
<u>Cai, et al v. CCL Group Inc., et al.</u>