Case 3:07-cv-06444-JL   Document 18-2   Filed 07/28/2008   Page 1 of 10

ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiffs
Daniel Cai & Tom Tang

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| DANIEL CAI & TOM TANG<br><br>Plaintiff,<br><br>vs.<br><br>CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG, A:EX TANG & DOES 1 TO 10,<br><br>Defendants | Case No.: C07-06444JL<br>C06-7912 JL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGE AND DEMAND FOR JURY TRIAL**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). "Waiting Time" Penalties under California Labor Code §203; and 4) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203; and 5). Private Attorney General's Act under Labor Code § 2699 & 558 |

Plaintiffs, Daniel Cai ("Cai") and Tom Tang, for their complaint, alleges as follows:

**NATURE OF CLAIM**

1.   This is a complaint by former employees against their ex-employer for damages arising out of his employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), damages under California Labor Code §226.7 for failure to provide meal periods, waiting time penalties under California Labor Code §§ 203, and attorney's fees, costs, and pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b). Plaintiffs also seek restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

# PARTIES

2. At all times relevant herein, Plaintiffs Cai and Tang were employees of defendant CCL Group Inc., doing business as Yotaka Sushi Bar and Grill ("CCL").

3. Defendant CCL, according to information belief, is a restaurant business in Danville, California.

4. The individual defendants Evelyn Tang ("E. Tang") and Does 1 through 10 were officers, owners or employees of CCL, having control over Plaintiffs' work condition and work situation. Doe defendants are sued fictitiously because their identities are not yet known to the Plaintiff.

5. Individual defendants E. Tang and DOES 1 through 10, inclusive, are liable for the acts of defendant CCL as its alter egos. Recognition of the privilege of separate existence would promote injustice because defendants have in bad faith dominated and controlled defendant CCL. Plaintiff is informed and believes, and thereon alleges that defendants E. Tang, and DOES 1 through 10 inclusive have:

a) Commingled funds and other assets of defendant CCL and their own funds and other assets for their own convenience and to assist in evading payment of obligations;

b) Diverted funds and other assets of defendant CCL to other than corporate uses;

c) Treated the assets of the defendant CCL as their own;

d) Failed to obtain authority to issue shares or to subscribe to or issue shares of defendant CCL;

e) Failed to maintain minutes or adequate corporate records of defendant CCL;

f) Failed to adequately capitalize or provide any assets to defendant CCL;

g) Used defendant CCL as a mere shell, instrumentality, or conduit; and/or

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

2                                   C07-06444JL
                                    C06-7912 JL

h) Diverted assets from defendant CCL to themselves, to the detriment of creditors, including Plaintiffs.

## SUBJECT MATTER JURISDICTION AND VENUE

6. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

7. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

## GENERAL ALLEGATIONS

8. Plaintiff Tom Tang was employed by Defendant CCL as a sushi chef, and Cai was employed by the Defendant CCL as a sushi helper.

9. Throughout their employment with defendant CCL, Plaintiffs worked substantial number of overtime hours in excess of 8 hours a day and forty fours a week.

10. Plaintiffs did not perform "exempt" job duties in their position as a sushi chef or sushi helper with Defendant CCL, and thus was not subjected to any exemptions from overtime under the Fair Labor Standards Act and California Labor Code.

11. At no time during the Plaintiffs' employment did plaintiffs maintain any professional license with the state or practice any recognized profession, nor did plaintiffs exclusively manage any division of defendant CCL where Plaintiffs customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of their employer.

## COUNT ONE
*Violation of California Labor Code, Non Payment of Overtime*
*Labor Code §510*

12. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-11 as if fully stated herein.

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

3                              C07-06444JL
                               C06-7912 JL

13. At all relevant times herein, Plaintiffs' employment was subject to California Labor Code §§ 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code § 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

14. During his employment with the defendant CCL, although Plaintiffs regularly worked in excess of forty hours per week and in excess of eight hours per day, Plaintiffs did not received required overtime rate from defendant for these overtime hours.

15. During the period that Plaintiffs were employed with defendant CCL, Defendant knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying Plaintiffs one and one half, or double of Plaintiffs' regular rate of pay.

16. By not paying overtime wages in compliance with the state law, Defendants violated Plaintiffs' rights under the law, specifically California Labor Code § 1194.

17. As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiffs incurred general damages in the form of lost overtime wages in amount to be proved at trial.

18. Defendants had been aware of the existence and requirements of the California Labor Code §§ 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due them at the time their employment ended.

19. Plaintiffs were required to retain attorneys for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code § 1194(a).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT TWO

*Violation of The Fair Labor Standards Act.,*
*29 U.S. C. §201, et seq.*

20. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and the Plaintiffs were individual employees covered by virtue of their direct engagement in interstate commerce.

22. FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiffs were not so exempt during their employment with Defendant CCL, Defendant knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying plaintiffs one and one half of Plaintiffs' regular rate of pay.

24. By not paying overtime wages in compliance with FLSA, Defendants violated Plaintiffs' rights under FLSA.

25. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in amount to be proved at trial.

26. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper pay, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA.

27. Plaintiffs were required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA equal to their

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

5                                                                        C07-06444JL
                                                                         C06-7912 JL

respective lost overtime wages.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT THREE

*Penalty for Failure to Pay Wages at Termination*
*California Labor Code § 203*

28. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

29. At the time Plaintiffs' employment with Defendant CCL terminated, Defendants owed Plaintiffs in certain unpaid overtime wages.

30. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code § 203, up to 30 days of wages.

31. As of this date these wages have not been paid, thus making Defendants liable to Plaintiff for penalties equal to thirty (30) days wages in amount to be proved at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### COUNT FOUR

*For Restitution of Unpaid Overtime Wages*
*in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

32. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-31 as if fully stated herein.

33. At all times relevant herein, Plaintiffs' employment with Defendant CCL was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.

34. At all times relevant herein, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the

Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

35. During the period Plaintiffs were employed with Defendant CCL, Defendants failed to pay Plaintiffs legally required overtime pay and meal premiums to which they were legally entitled from Defendants, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

36. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

37. As a direct and proximate result of Defendants' failure to pay the required overtime pay, Plaintiffs' rights under the law were violated and Plaintiff sincurred general damages in the form of unpaid wages to which they were legally entitled.

38. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay and meal premiums due.

39. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

**COUNT FIVE**
*Civil Penalty under Labor Code § 558*
*Labor Code § 2699, et seq.*

40   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-39 as if fully stated herein.

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

7                                C07-06444JL
                                 C06-7912 JL

41    Defendant CCL GROUP INC. at all times relevant herein is and was subject to California Labor Code §558.  California Labor Code § 558 authorizes to recover for the employer and persons acting n behalf of the employer as civil penalties for unpaid wages to employees.  By failing to pay Plaintiffs overtime due and meal and rest period premiums as alleged herein, Defendants are liable for penalties prescribed under Labor Code § 558.

42    Pursuant to California Labor Code § 2699.3(a)(1), Plaintiffs had given written notice by certified mail to California Labor and Workforce Development Agency and Defendants, alleging the violations of California Labor Code §510 in refusing to pay overtime due, § 226.7 for refusal of meal and rest periods, including the facts and theories that support the alleged violations.

43    California Labor and Workforce Development Agency issued a letter indicating that the agency does not intend to investigate into the alleged violations by Defendants.

44    Having satisfied the requirements of California Labor Code § 2699.3(a), pursuant to California Labor Code § 2699, Plaintiffs, on their own behalf, hereby seek all unpaid wages owed and penalties provided by California Labor Code §558 for the violations alleged herein in respective amounts to be proved at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray judgment against the Defendants and demand as follows:

1. For compensatory damages in unpaid overtime wages in amount to be proved at trial;

2. For liquidated damages equal to unpaid overtime wages in amount to be proved at trial;

3. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid wages pursuant to California Labor Code §§ 1194(a) & 218.5;

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.

8                             C07-06444JL
                              C06-7912 JL

4. For waiting time penalty damages of thirty days wages to Plaintiffs pursuant to California Labor Code § 203 in amount to be proved at trial;

5. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in amount to be proved at trial;

6. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

7. For costs of suit herein;

8. For such other and further relief as the Court may deem appropriate;

Dated: July 25, 2008                              ADAM WANG

                                               By:  /s/ Adam Wang        .
                                                   Attorney for Plaintiffs
                                                   Daniel Cai & Tom Tang

**FIRST AMENDED COMPLAINT**
Cai v. CCL Group Inc. et al.
                                                 9                           C07-06444JL
                                                                           C06-7912 JL