1  RONALD S. GALASI (SBN 57064)
   1350 OLD BAYSHORE HIGHWAY, SUITE 825
2  BURLINGAME, CALIFORNIA  94010
   TEL: (650) 685-6200
3  FAX: (650) 685-6204

4  Attorney for Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DANIEL CAI, and TOM TANG | Case No.: C07-06444 **JL** |
|---|---|
| Plaintiffs, | Consolidated with Case No. C06-7912 JL |
| vs. | |
| CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10, | **DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA; ARGUMENT THEREON; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | |

I, Ronald S. Galasi, declare:

1. I am an attorney at law duly admitted to practice law before all of the courts of the State of California and all Federal Court and am the attorney of record herein for Defendants, CCL GROUP, INC., DBA YOTAKA SUSHI BAR & GRILL, and EVELYN TANG.

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

2. On July 29, 2008 a subpoena was issued in the above-entitled cause; it was served upon Edward G. Wang by mail dated July 29, 2008.

3. The present case at bar involves a consolidated lawsuit by Tom Tang and Daniel Cai, former employees of that restaurant known as Yotaka Sushi Bar & Grill. The corporate defendant CCL Group, Inc., a California Corporation, does business as Yotaka Sushi Bar & Grill.

4. The Defendants are charged with, inter alia, violations of 29 U.S.C. Section 216(b), for unpaid wages and for damages, and California Labor Code section 226.7, for failure to provide meal periods.

Additionally, the consolidated Complaint filed by Plaintiff Tom Tang and Daniel Cai involves alleged violations by the Defendants of California Labor Code Section 1194 and 510 and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, requiring all employees to be paid overtime for work performed in excess of forty (40) hours per week or eight (8) hours per day, unless specifically exempted by law.

5. On or about Monday, August 4, 2008, this office received from Quest Discovery Services, acting on behalf of Plaintiff, a Subpoena asking for certain records from Edward G. Wang, the Accountant for CCL Group, Inc., as well as for the Defendant, Evelyn Tang. Attached hereto, as Exhibit 1, is a copy of the Records Request Form, together with a copy of the Subpoena; Attachment 3 to the Subpoena sets forth the records being sought from CCL Group, Inc. and Evelyn Tang which includes, without limitation, all tax returns prepared on behalf of CCL Group, Inc. including both Federal and State Income Returns, Sales Tax Returns,

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

Employment Tax Returns, all W-2s and 1099s; likewise, the document requires all tax returns prepared on behalf of Evelyn Tang.

Other documents sought by the Subpoena as per Attachment No. 3, are "all documents you received from CCL Group Inc., or Evelyn Tang in connection with preparing for any and all tax returns prepared on behalf of CCL Group, Inc.

Finally, No.. 4 of the Subpoena seeks documents in Mr. Wang's possession concerning and relating to CCL Group, Inc. and/or Evelyn Tang.

6. CCL Group, Inc. and Evelyn Tang both seek to quash the subpoena hereby served on Edward G. Wang on several and numerous grounds.

Defendant Evelyn Tang argues that by seeking her tax returns, Plaintiffs' subpoena seeks tax information and financial data pertaining to her as an employee of the co-defendant CCL Group, Inc. for whom she works.

First, the Subpoena fails to serve upon Edward G. Wang or upon CCL Group, Inc. or upon Evelyn Tang a Notice to Consumer pursuant to California Code of Civil Procedure Section 1985.3(e) which requires that the Notice shall accompany the subpoena in a "typeface designed to call attention to the Notice indicating that: (1) Records about the Consumer are being sought from the witness named in the Subpoena….

In the instant case at bar, Evelyn Tang is sued individually, presumably as President of CCL Group, Inc;  nonetheless, she remains an employee of said corporation.  Individual liability of Evelyn Tang is also sought by allegation of alter ego theories of which, at the present point in time, Plaintiff fails to show any evidence.  All records of employment are those of the corporation CCL Group Inc;  tax returns for the corporation were presumably prepared by Edward G. Wang.

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

In that the Subpoenaing body as well as the Plaintiffs fail to give Notice to the Defendants, either CCL Group, Inc. and/or Evelyn Tang, that their records were being sought, the Subpoena must fall; Defendants respectfully request that both service of said Subpoena and the Subpoena itself be quashed.

It is clear that Evelyn Tang falls within the definition of a "Consumer", which term includes any non-corporate party, such as an individual, partnership of five (5) or fewer persons, association or trust as set forth in C.C.P. Section 1985.3(a)(2).

Thus, failure to give Evelyn Tang Consumer Notice, ab initio, suffices as grounds to quash the Subpoena for any of her tax records.

7. On August 4, 2008, the day that this Law Office received the referenced Subpoena, I, a sole practitioner, was involved in trial in Alameda County, in that Case known as In re: Marriage of Leachman, Case Number RF06275680, a case which commenced August 4, 2008 and has continued to run through Friday, August 8, 2008 and will again resume on August 18, 2008. Thus, the first possibility of addressing this Motion to Quash would have come on Monday, August 11, 2008; unfortunately, I was in deep pain due to a severe injury and was being attended at a pain clinic on said August 4, 2008. As a result, today Tuesday, August 12, 2008 and tomorrow August 13, 2008 are the first days I have to address this Motion. In any event, attached hereto as Exhibit 2 is a letter which was written by me to Edward G. Wang on August 4, 2008, advising him of the objections raised by CCL Group, Inc. and Evelyn Tang to his producing any such records sought of him. Pursuant to C.C.P. Section 1985.3(g) and 1985.6(f)(1), this letter was copied to Quest Discovery Services as well as to Adam Wang, counsel for Plaintiffs. Thus, both the subpoenaing party and the agency seeking records on behalf of the seeking party were timely put on notice of Defendants' objection to the production

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

of such records, as well as their request that Mr. Edward G. Wang not produce same. Defense counsel herein respectfully requests that this Court hear Defendants', and each of their, Motion to Quash on not only the grounds set forth hereinabove but, also, on those grounds set forth hereinbelow.

7. It is basic law that tax returns, both Federal and State, as well as the information contained therein, are privileged. This privilege is implied for the policy of confidentiality concerning State Income Tax Returns as set forth in the Revenue and Tax Code Section 19542; Federal Tax Returns are similarly privileged.

Further, although it may be argued that the records and data upon which the tax returns is based may be subject to discovery, Defendants herein object to the production of such records in that the disclosure of such records would invade the Defendants' right to privacy in confidential financial information.

8. The privilege for both Federal and State Tax Returns is set forth in *Firestone v. Hoffman,* (2006) 140 C.A. 4th 1408, 1419. The Court in Firestone stated that California law "...does create a privilege for tax returns... The Supreme Court has reasoned that the purpose of those statutes is 'to facilitate tax enforcement by encouraging a taxpayer to make full and true declarations in his return without fear that his statements will be revealed or used against him." Citing to the Court's decision in Webb v. Standard Oil Co. (1957) 49 Cal.2d. 509, 512-514, the Firestone Court extended the application of the privilege not to disclose federal tax returns not just to the returns, but also to information in the federal tax return which would in effect be equivalent to forcing disclosure of the state return.

California Bus.& Prof. Code Section 17530.5: Disclosure of information obtained in the business of preparing...., income tax returns. It is a misdemeanor for any persons, including an

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

individual, firm...to disclose any information obtained in the business of preparing federal or state income tax returns or assisting taxpayers in preparing those returns.

Further, under California Civil Code Section 1799.1(a). Income tax returns,

(a) No person, including an individual, firm, corporation...shall disclose information obtained from a federal or state income tax return or any information obtained from a tax schedule submitted with the return by a consumer in connection with a financial or other business-related transaction....

As yet an additional point for seeking to quash the Subpoena in the instant case, Defendants hereby assert that to allow the disclosure of the corporate and personal income tax returns herein would allow Plaintiffs to, in essence, discover the net worth of the Defendants, particularly the individual Defendant Evelyn Tang; such discovery is proscribed absent a showing by the Plaintiffs that it has made a prima facie case for punitive damages under California Civil Code Section 3295. In the instant case, not only have Plaintiffs failed to make out a prima facie case of liability, but they have failed entirely in supporting allegations that the Plaintiffs worked overtime in the first instance, and/or if they did so work overtime, they were not compensated for same; further, Plaintiffs have failed to disclose any evidence to support their spurious claims that they did not receive meal breaks and/or rest periods. Pursuant to California Civil Code 3295 the financial condition of the Defendants is to be protected absent a showing of a prima facie case of liability for damages pursuant to Section 3294 (Exemplary damages). Defendants respectfully request that should for whatever reason this Court fail and/or refuse to quash the subpoena then, and in such event, hat this Court order Plaintiffs to enter into a Protective Order prior to the release of any tax returns and/or other financial data

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

which such Order would allow only the production of evidence with the admission of same subject to all later relevant objections.

The Defendants further assert their privilege against disclosure of tax information, inclusive of, without limitation, Federal and State Tax Returns, and any information used to prepare same, including, for example, the amounts of income reported or deductions claimed under the rule set forth in <u>*Sav-on Drugs, Inc., v. Sup. Court*</u>, (Botney) 15 C.3d 1, at p6.  In <u>Sav-on</u>, the Court found that the "....the effect of the statutory prohibition (of disclosure) is to render the returns privileged and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns" <u>Sav-on</u>, Cal.3rd1 at p.7.  Further, the Court recited that "Assuming <u>Revenue and Taxation Code Section 7056</u> protects the returns themselves, it is reasonable to conclude that it must also protect the information contained in the returns.

That the information with respect to documents or information are an "integral part" of the tax return such as: W-2 Forms, 1099s, and thus within the privilege has been enunciated by the Court in <u>*Brown v. Sup.Court*</u>, (Executive Car Leasing) (1997) 71 CalApp3rd. 141, 142.  *The Brown Court* recited that "We must reject real parties' argument that the W-2 forms are not included within the privilege.  TheW-2 forms, which are required to be attached to a taxpayer's state and federal income tax returns, constitute an integral part of the return as information contained in the returns within the meaning of Sav-on Drugs....

Defendants respectfully submit that this Court take this Motion to Quash under consideration notwithstanding Defendant's failure to file this Motion to Quash "at least five days prior to the date of production" for the following reasons:

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

a) As above-stated, I am a sole practitioner and was in trial above-referenced during the entire week this Subpoena had first been received.

b) In that Defendants sent to Mr. Edward G. Wang as well as Plaintiffs' counsel and Quest Discovery their objection to the production of the information sought by the subpoena served on Mr. Wang, Defendants believe no information subject to the subpoena has yet been produced and, therefore, the privilege has not been waived and review by this Court is proper.

Dated: August 13, 2008

By: /S/ Ronald S. Galasi
     Attorney for Defendants

**ARGUMENT THEREON - POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW, the defendants CCL Group, Inc, DBA Yotaka Sushi Bar & Grill, and Evelyn Tang and as and for their Points and Authorities in Support of their Motion to Quash Subpoena submit the following:

**CITATIONS/CODES**

**California Bus.& Prof. Code Section 17530.5:** Disclosure of information obtained in the business of preparing...., income tax returns.   It is a misdemeanor for any persons, including an individual, firm...to disclose any information obtained in the business of preparing federal or state income tax returns or assisting taxpayers in preparing those returns.

**California Civil Code Section 1799.1(a)**: Income tax returns,

(a) No person, including an individual, firm, corporation...shall disclose information obtained from a federal or state income tax return or any information obtained from a tax

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

schedule submitted with the return by a consumer in connection with a financial or other business-related transaction....

**California Civil Code Section 3295**: Protective Order; prima facie case of liability prerequisite to certain evidence; discovery limitations; evidence of profits or financial condition:

    (a) The Court may, for good cause, grant any Defendant a Protective Order requiring the Plaintiff to produce evidence of a prima facie case of liability for damages pursuant to Section 3294 prior to the introduction of evidence of:

(1)....

(2) The financial condition of the Defendant.

**California Code of Civil Procedure Section 1985.3(a)(b)**

    (a) For purposes of this Section, the following definitions apply:

(1)....

(2) "Consumer" means any individual, partnership of five or fewer persons, association or trust....

(b) Prior to the date called for... the production of personal records, the subpoenaing party shall serve or cause to be served on the Consumer whose records are being sought a copy of the Subpoena Duces Tecum, of the affidavit supporting the issuance of the subpoena, if any, and of the notice described in subdivision (e), .... This service shall be made as follows:

(1)....

(2) Not less than 10 days prior to the date for production specified in the subpoena duces tecum, <u>plus the additional time provided by Section 1013 if service is by mail</u> (emphasis added)

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

(c)....

(d)....

(e)....

(f)(1)....

**California Code of Civil Procedure Section 1013**  Service by mail,...; procedure.

...The service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make response... shall be extended five <u>calendar</u> days, upon service by mail.

**California Code of Civil Procedure Section 1985.3(g)** ... Notice of the bringing of that Motion (to quash or modify the subpoena duces tecum) "shall be given to the witness and deposition officer at least five days prior to production.  The failure to provide notice... shall <u>not</u> invalidate the motion to quash or modify... but may be raised by the deposition officer as an affirmative offense in any action for liability for improper release of records."  (emphasis added)

**California Code of Civil Procedure Section 1985.6**  Employment Records;... motion to quash or modify subpoena

(a)  For purposes of this section, the following terms have the following meanings:

(1)....

(2) "Employee" means any individual who is or has been employed by a witness subject to a subpoena duces tecum.

(b)....

(c)...

(d)...

(e)...

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

(f)(1)  Any employee whose employee records are sought by a subpoena duces tecum may, prior to the date of production, bring a motion under section 1987.1 to quash or modify the subpoena duces tecum.

**Revenue and Taxation Code 19542**   Offense to Make Disclosure... It is a misdemeanor for... any former officer or employee or other individual, who in the course of his or her employment or duty has or had access to returns, reports, or documents required to be filed, to disclose or make known in any manner information as to the amount of income or any particulars (including the business affairs of a corporation)....

**CASE LAW**

*Brown v. Sup. Court, (Executive Car Leasing) (1997) 71 CalApp3rd. 141, 142*

*Firestone v. Hoffman,* (2006) 140 C.A. 4th 1408, 1419.

*Sav-on Drugs, Inc., v. Sup. Court*, (Botney) 15 C.3d 1, at p6.

*Webb v. Standard Oil Co.*, (1957) 49 Cal.2d. 509, 512-514

.Dated: August 13, 2008

By:   /S/Ronald S. Galasi
Attorney for Defendants

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**