RONALD S. GALASI (SBN 57064)
1350 OLD BAYSHORE HIGHWAY, SUITE 825
BURLINGAME, CALIFORNIA 94010
TEL: (650) 685-6200
FAX: (650) 685-6204

Attorney for Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CAI and TOM TANG<br><br>Plaintiffs,<br><br>vs.<br><br>CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10,<br><br>Defendants. | Case No.: C07-06444 JL<br><br>Consolidated with Case No. C06-7912 JL<br><br>**NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**<br><br>Date:     September 24, 2008<br>Time:     9:30 a.m.<br>Location: Courtroom F |

TO Daniel Cai and Tom Tang and Adam Wang, their attorney of record:

NOTICE IS HEREBY GIVEN that, on Wednesday, September 24, 2008 at 9:30 am.

or as soon thereafter as the matter may be heard, in Courtroom F of the above-entitled Court

Defendants will move for an order quashing the subpoena served on Edward G. Wang

requesting certain tax returns of Defendants as well as information used by Edward G. Wang in

NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA

preparing those tax returns. This motion will be made on the ground that there is good cause for quashing the Subpoena in that it was not timely served, it omitted the required Notice to Consumer and it improperly seeks tax returns and other financial data which are privileged and not subjective to discovery. A copy of the Subpoena sought to be quashed is attached hereto as Exhibit A.

The motion will be based on this Notice of Motion, on the Declaration of Ronald S. Galasi, and the Memorandum of Points and Authorities served and field herewith, on the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: August 13, 2008

By: _____
RONALD S. GALASI, ESQ.
Attorney for Defendants

NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |
|---|---|---|

TANG

V.

CCL GROUP INC.

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  C067912JL

**Custodian of Records For:**
TO: EDWARD G. WANG
390 DIABLO RD., #138
DANVILLE, CA 94526

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: PLEASE SEE DESCRIPTION OF RECORDS
See Attachment 3 for Details

| PLACE | Quest Discovery Services  981 Ridder Park Drive San Jose, CA 95131 (800) 800-6800 | DATE AND TIME  08/12/08  9:30 A.M. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /S/                                     Attorney for: Plaintiff | 07/29/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    ADAM Q. WANG, ESQ.   BAR #: 201233
DAL BON & WANG   ATTORNEYS AT LAW
12 SOUTH 1ST STREET
SAN JOSE, CA 95113   408/292-1040

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A - Page 1 of 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

Address and Phone # Confirmed: ☐

COR Phone # 925/838-2628
( ) -

## PROOF OF SERVICE

| | DATE | PLACE | 390 DIABLO RD., #138 |
|---|---|---|---|
| SERVED | | | DANVILLE, CA 94526 |

SERVED ON (PRINT NAME)                     MANNER OF SERVICE

SERVED BY (PRINT NAME)                     TITLE
                                           Quest Discovery Services
                                           Santa Clara #886

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE                        SIGNATURE OF SERVER
                                            981 Ridder Park Drive

                                            ADDRESS OF SERVER
                                            San Jose, CA 95131

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing eletronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing eletronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same eletronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit A - Page 2 of 4

SJS813668

(PROOF OF SERVICE BY MAIL - Federal Rule (a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

RONALD S. GALASI
ATTORNEY AT LAW
1350 OLD BAYSHORE HIGHWAY
SUITE 825
BURLINGAME, CA 94010
ATTN: RONALD S. GALASI, ESQ.
Represents: DEFENDANT

and that they were deposited on 07/29/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED: 07/29/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

| This form was printed for all subpoenas in this series |

signature

Exhibit A Page 3 of 4

/ MAILSERV

## Attachment 3

File #: SJS813668

**EDWARD G. WANG**

Pertaining To:   **PLEASE SEE DESCRIPTION OF RECORDS**

1. ALL TAX RETURNS PREPARED ON BEHALF OF CCL GROUP INC., INCLUDING BUT NOT LIMITED TO FEDERAL AND STATE INCOME TAX RETURNS, SALES TAX RETURNS; EMPLOYMENT TAX RETURNS; ALL W-2 S AND 1099S, WITH THE NAMES OTHER THAN EVENLY TANG, TOM TANG AND DANIEL CAI REDACTED AND REPLACED WITH LETTERS, A, B, C, ETC.

2. ALL TAX RETURNS PREPARED ON BEHALF OF EVENLY TANG;

3. ALL DOCUMENTS YOU RECEIVED FROM CCL GROUP INC. AND OR EVENLY TANG IN CONNECTION WITH PREPARING FOR ANY AND ALL TAX RETURNS ON BEHALF OF CCL GROUP INC.;

4. ALL DOCUMENTS IN YOUR POSSESSION CONCERNING AND RELATING TO CCL GROUP INC. AND OR EVENLY TANG.

Exhibit A - Page 4 of 4