RONALD S. GALASI (SBN 57064)
1350 OLD BAYSHORE HIGHWAY, SUITE 825
BURLINGAME, CALIFORNIA 94010
TEL: (650) 685-6200
FAX: (650) 685-6204

Attorney for Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CAI, and TOM TANG | Case No.: C07-06444 JL |
| Plaintiffs, | Consolidated with Case No. C06-7912 JL |
| vs. | |
| CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10, | **DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA** |
| Defendants. | |

I, Ronald S. Galasi, declare:

1. I am an attorney at law duly admitted to practice law before all of the courts of the State of California and all Federal Court and am the attorney of record herein for Defendants, CCL GROUP, INC., DBA YOTAKA SUSHI BAR & GRILL, and EVELYN TANG.

2. On July 29, 2008 a subpoena was issued in the above-entitled cause; it was served upon Edward G. Wang by mail dated July 29, 2008.

3. The present case at bar involves a consolidated lawsuit by Tom Tang and Daniel Cai, former employees of that restaurant known as Yotaka Sushi Bar & Grill. The corporate defendant CCL Group, Inc., a California Corporation, does business as Yotaka Sushi Bar & Grill.

4. The Defendants are charged with, inter alia, violations of 29 U.S.C. Section 216(b), for unpaid wages and for damages, and California Labor Code section 226.7, for failure to provide meal periods.

Additionally, the consolidated Complaint filed by Plaintiff Tom Tang and Daniel Cai involves alleged violations by the Defendants of California Labor Code Section 1194 and 510 and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, requiring all employees to be paid overtime for work performed in excess of forty (40) hours per week or eight (8) hours per day, unless specifically exempted by law.

5. On or about Monday, August 4, 2008, this office received from Quest Discovery Services, acting on behalf of Plaintiff, a Subpoena asking for certain records from Edward G. Wang, the Accountant for CCL Group, Inc., as well as for the Defendant, Evelyn Tang. Attached hereto, as Exhibit 1, is a copy of the Records Request Form, together with a copy of the Subpoena; Attachment 3 to the Subpoena sets forth the records being sought from CCL Group, Inc. and Evelyn Tang which includes, without limitation, all tax returns prepared on behalf of CCL Group, Inc. including both Federal and State Income Returns, Sales Tax Returns,

DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA

Employment Tax Returns, all W-2s and 1099s; likewise, the document requires all tax returns prepared on behalf of Evelyn Tang.

Other documents sought by the Subpoena as per Attachment No. 3, are "all documents you received from CCL Group Inc., or Evelyn Tang in connection with preparing for any and all tax returns prepared on behalf of CCL Group, Inc.

Finally, No.. 4 of the Subpoena seeks documents in Mr. Wang's possession concerning and relating to CCL Group, Inc. and/or Evelyn Tang.

6. CCL Group, Inc. and Evelyn Tang both seek to quash the subpoena hereby served on Edward G. Wang on several and numerous grounds.

Defendant Evelyn Tang argues that by seeking her tax returns, Plaintiffs' subpoena seeks tax information and financial data pertaining to her as an employee of the co-defendant CCL Group, Inc. for whom she works.

First, the Subpoena fails to serve upon Edward G. Wang or upon CCL Group, Inc. or upon Evelyn Tang a Notice to Consumer pursuant to California Code of Civil Procedure Section 1985.3(e) which requires that the Notice shall accompany the subpoena in a "typeface designed to call attention to the Notice indicating that: (1) Records about the Consumer are being sought from the witness named in the Subpoena....

In the instant case at bar, Evelyn Tang is sued individually, presumably as President of CCL Group, Inc; nonetheless, she remains an employee of said corporation. Individual liability of Evelyn Tang is also sought by allegation of alter ego theories of which, at the present point in time, Plaintiff fails to show any evidence. All records of employment are those of the corporation CCL Group Inc; tax returns for the corporation were presumably prepared by Edward G. Wang.

DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA

In that the Subpoenaing body as well as the Plaintiffs fail to give Notice to the Defendants, either CCL Group, Inc. and/or Evelyn Tang, that their records were being sought, the Subpoena must fall; Defendants respectfully request that both service of said Subpoena and the Subpoena itself be quashed.

It is clear that Evelyn Tang falls within the definition of a "Consumer", which term includes any non-corporate party, such as an individual, partnership of five (5) or fewer persons, association or trust as set forth in C.C.P. Section 1985.3(a)(2).

Thus, failure to give Evelyn Tang Consumer Notice, ab initio, suffices as grounds to quash the Subpoena for any of her tax records.

7. On August 4, 2008, the day that this Law Office received the referenced Subpoena, I, a sole practitioner, was involved in trial in Alameda County, in that Case known as In re: Marriage of Leachman, Case Number RF06275680, a case which commenced August 4, 2008 and has continued to run through Friday, August 8, 2008 and will again resume on August 18, 2008. Thus, the first possibility of addressing this Motion to Quash would have come on Monday, August 11, 2008; unfortunately, I was in deep pain due to a severe injury and was being attended at a pain clinic on said August 4, 2008. As a result, today Tuesday, August 12, 2008 and tomorrow August 13, 2008 are the first days I have to address this Motion. In any event, attached hereto as Exhibit 2 is a letter which was written by me to Edward G. Wang on August 4, 2008, advising him of the objections raised by CCL Group, Inc. and Evelyn Tang to his producing any such records sought of him. Pursuant to C.C.P. Section 1985.3(g) and 1985.6(f)(1), this letter was copied to Quest Discovery Services as well as to Adam Wang, counsel for Plaintiffs. Thus, both the subpoenaing party and the agency seeking records on behalf of the seeking party were timely put on notice of Defendants' objection to the production

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

of such records, as well as their request that Mr. Edward G. Wang not produce same. Defense counsel herein respectfully requests that this Court hear Defendants', and each of their, Motion to Quash on not only the grounds set forth hereinabove but, also, on those grounds set forth hereinbelow.

7.  It is basic law that tax returns, both Federal and State, as well as the information contained therein, are privileged. This privilege is implied for the policy of confidentiality concerning State Income Tax Returns as set forth in the Revenue and Tax Code Section 19542; Federal Tax Returns are similarly privileged.

Further, although it may be argued that the records and data upon which the tax returns is based may be subject to discovery, Defendants herein object to the production of such records in that the disclosure of such records would invade the Defendants' right to privacy in confidential financial information.

8.  The privilege for both Federal and State Tax Returns is set forth in _Firestone v. Hoffman,_ (2006) 140 C.A. 4th 1408, 1419. The Court in _Firestone_ stated that California law "...does create a privilege for tax returns... The Supreme Court has reasoned that the purpose of those statutes is 'to facilitate tax enforcement by encouraging a taxpayer to make full and true declarations in his return without fear that his statements will be revealed or used against him." Citing to the Court's decision in _Webb v. Standard Oil Co._ (1957) 49 Cal.2d. 509, 512-514, the Firestone Court extended the application of the privilege not to disclose federal tax returns not just to the returns, but also to information in the federal tax return which would in effect be equivalent to forcing disclosure of the state return.

California Bus.& Prof. Code Section 17530.5: Disclosure of information obtained in the business of preparing...., income tax returns. It is a misdemeanor for any persons, including an

individual, firm...to disclose any information obtained in the business of preparing federal or state income tax returns or assisting taxpayers in preparing those returns.

Further, under California Civil Code Section 1799.1(a). Income tax returns,

(a) No person, including an individual, firm, corporation...shall disclose information obtained from a federal or state income tax return or any information obtained from a tax schedule submitted with the return by a consumer in connection with a financial or other business-related transaction....

As yet an additional point for seeking to quash the Subpoena in the instant case, Defendants hereby assert that to allow the disclosure of the corporate and personal income tax returns herein would allow Plaintiffs to, in essence, discover the net worth of the Defendants, particularly the individual Defendant Evelyn Tang; such discovery is proscribed absent a showing by the Plaintiffs that it has made a prima facie case for punitive damages under California Civil Code Section 3295. In the instant case, not only have Plaintiffs failed to make out a prima facie case of liability, but they have failed entirely in supporting allegations that the Plaintiffs worked overtime in the first instance, and/or if they did so work overtime, they were not compensated for same; further, Plaintiffs have failed to disclose any evidence to support their spurious claims that they did not receive meal breaks and/or rest periods. Pursuant to California Civil Code 3295 the financial condition of the Defendants is to be protected absent a showing of a prima facie case of liability for damages pursuant to Section 3294 (Exemplary damages). Defendants respectfully request that should for whatever reason this Court fail and/or refuse to quash the subpoena then, and in such event, hat this Court order Plaintiffs to enter into a Protective Order prior to the release of any tax returns and/or other financial data

Page 6 of 8

**DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA**

which such Order would allow only the production of evidence with the admission of same subject to all later relevant objections.

The Defendants further assert their privilege against disclosure of tax information, inclusive of, without limitation, Federal and State Tax Returns, and any information used to prepare same, including, for example, the amounts of income reported or deductions claimed under the rule set forth in <u>Sav-on Drugs, Inc., v. Sup. Court</u>, (Botney) 15 C.3d 1, at p6. In <u>Sav-on</u>, the Court found that the "....the effect of the statutory prohibition (of disclosure) is to render the returns privileged and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns" <u>Sav-on</u>, Cal.3rd1 at p.7. Further, the Court recited that "Assuming <u>Revenue and Taxation Code Section 7056</u> protects the returns themselves, it is reasonable to conclude that it must also protect the information contained in the returns.

That the information with respect to documents or information are an "integral part" of the tax return such as: W-2 Forms, 1099s, and thus within the privilege has been enunciated by the Court in <u>Brown v. Sup.Court</u>, (Executive Car Leasing) (1997) 71 CalApp3rd. 141, 142. *The Brown Court* recited that "We must reject real parties' argument that the W-2 forms are not included within the privilege. The W-2 forms, which are required to be attached to a taxpayer's state and federal income tax returns, constitute an integral part of the return as information contained in the returns within the meaning of Sav-on Drugs....

Defendants respectfully submit that this Court take this Motion to Quash under consideration notwithstanding Defendant's failure to file this Motion to Quash "at least five days prior to the date of production" for the following reasons:

a)   As above-stated, I am a sole practitioner and was in trial above-referenced during the entire week this Subpoena had first been received.

b)   In that Defendants sent to Mr. Edward G. Wang as well as Plaintiffs' counsel and Quest Discovery their objection to the production of the information sought by the subpoena served on Mr. Wang, Defendants believe no information subject to the subpoena has yet been produced and, therefore, the privilege has not been waived and review by this Court is proper.

Dated: August 13, 2008

By: /s/ Ronald S. Galasi
RONALD S. GALASI, ESQ.
Attorney for Defendants

DECLARATION OF RONALD S. GALASI IN SUPPORT OF NOTICE OF MOTION FOR ORDER QUASHING SUBPOENA

 

SJS813668

*Quality • Uniformity • Excellence • Service • Teamwork*

**QUEST DISCOVERY SERVICES**

http://www.questds.com/

07/29/08

## Records Request Form

ATTN: RONALD S. GALASI, ESQ.
RONALD S. GALASI
ATTORNEY AT LAW
1350 OLD BAYSHORE HIGHWAY
SUITE 825
BURLINGAME, CA 94010

| | |
|---|---|
| In Reply Refer to: | San Jose |
| Our File Number: | SJS813668 |
| QDS Client Number: | GAL025 |
| Client File Number: | |
| Claim Number: | |
| Insured: | |
| Deposition Date: | 08/12/08 |

RE: **TANG VS. CCL GROUP INC.**
Case No: **C067912JL**
Records of: **PLEASE SEE DESCRIPTION OF RECORDS**

Quest Discovery Services at the request of: **DAL BON & WANG** is obtaining records as listed on subpoena. Please mark the appropriate spaces below for those items which you desire and return by the deposition date and time. ***Please mark "none" if you do not wish to receive any subpoenaed items for any one deponent.*** Do not return this form unless you are placing an order and/or waiving time.

| None | X-rays | Records | Path | Echo | Deponent | File Number |
|---|---|---|---|---|---|---|
| ☐ | ☐ | | | | EDWARD G. WANG<br>390 DIABLO RD., #138 DANVILLE, CA 94526 | SJS813668A |

☐ **BILLING INSTRUCTIONS OR DOLLAR LIMITATIONS:**

☐ **BILL DIRECTLY TO INSURANCE CARRIER / THIRD PARTY:**

Carrier Name: _____   Name of Insured: _____

Carrier Address: _____   Date of Loss: _____   Claim #: _____

Carrier Address: _____   Adjuster's Name: _____

The entity requesting records agrees to pay to Quest Discovery Services its customary charges for this service which are: $34 Basic per deponent, 38¢ per 8 1/2 x 11 page, $15 Certificate of No Records, $8 Minimum Page Charge, $15 additional record charges when applicable, plus sales tax and shipping/handling. Call for prices on blueprints, x-rays, oversized pages and other special items. If requested, quotations will be provided with a $16 service fee per file if costs are not approved and $5 if costs are approved. Orders received after deposition/due date will be assessed a $25 retrieval fee. In the event legal action is necessary to collect past due amounts, requestor agrees to pay all reasonable costs incurred in collection, including attorney's fees as well as a service charge of 1.5% per month. Prices subject to change without notice.

Attorneys for: _____   Circle one:   Plaintiff   Defendant   Co-Defendant   Other
            Client's name

Firm Name: _____

Authorized Signature Required   Date
(Applies to all attached pages)

**Corporate Office:**
981 Ridder Park Drive
San Jose, CA 95131
(408) 441-7000
FAX (408) 441-7070

**Branch Offices:**
P.O. Box 214267
Sacramento, CA 95821-0267
(916) 483-7030
FAX (916) 483-7037

3438 Mendocino Ave., Ste. A
Santa Rosa, CA 95403
(707) 528-2300
FAX (707) 528-6047

2507 West Shaw Ave., Ste. 101
Fresno, CA 93711
(559) 224-0909
FAX (559) 224-1122

5730 Uplander Way, Ste. 101
Culver City, CA 90230
(310) 645-5557
FAX (310) 645-1466

Joseph DeCastro / obtainrec

Exhibit 1 - Page 1 of 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |
|---|---|---|

TANG

V.

CCL GROUP INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: C067912JL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Custodian of Records For:**
TO: EDWARD G. WANG
390 DIABLO RD., #138
DANVILLE, CA 94526

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: PLEASE SEE DESCRIPTION OF RECORDS
See Attachment 3 for Details

| PLACE | Quest Discovery Services | 981 Ridder Park Drive | DATE AND TIME |
|---|---|---|---|
| | | San Jose, CA 95131 | 08/12/08 |
| | | (800) 800-6800 | 9:30 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /S/        Attorney for: Plaintiff | 07/29/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   ADAM Q. WANG, ESQ.   BAR #: 201233
DAL BON & WANG   ATTORNEYS AT LAW
12 SOUTH 1ST STREET
SAN JOSE, CA 95113   408/292-1040

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1 - Page 2 of 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

Address and Phone # Confirmed: ☐

COR Phone # 925/838-2628
(        )        -

## PROOF OF SERVICE

| | DATE | PLACE | 390 DIABLO RD., #138 |
|---|---|---|---|
| SERVED | | | DANVILLE, CA 94526 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | Quest Discovery Services |
| | Santa Clara #886 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

SIGNATURE OF SERVER

981 Ridder Park Drive

ADDRESS OF SERVER

San Jose, CA 95131

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated eletronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing eletronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing eletronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same eletronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit 1 - Page 3 of 5

SJS813668

SJ S8 13 668 - SJS813668

(P. OF OF SERVICE BY MAIL - Federal Rule ,a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

RONALD S. GALASI
ATTORNEY AT LAW
1350 OLD BAYSHORE HIGHWAY
SUITE 825
BURLINGAME, CA 94010
ATTN: RONALD S. GALASI, ESQ.
Represents: DEFENDANT

and that they were deposited on 07/29/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED: 07/29/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

This form was printed for all subpoenas in this series

signature

Exhibit 1 Page 4 of 5

## Attachment 3

File #: **SJS813668**

EDWARD G. WANG

Pertaining To:   **PLEASE SEE DESCRIPTION OF RECORDS**

1. ALL TAX RETURNS PREPARED ON BEHALF OF CCL GROUP INC., INCLUDING BUT NOT LIMITED TO FEDERAL AND STATE INCOME TAX RETURNS, SALES TAX RETURNS; EMPLOYMENT TAX RETURNS; ALL W-2 S AND 1099S, WITH THE NAMES OTHER THAN EVENLY TANG, TOM TANG AND DANIEL CAI REDACTED AND REPLACED WITH LETTERS, A, B, C, ETC.

2. ALL TAX RETURNS PREPARED ON BEHALF OF EVENLY TANG;

3. ALL DOCUMENTS YOU RECEIVED FROM CCL GROUP INC. AND OR EVENLY TANG IN CONNECTION WITH PREPARING FOR ANY AND ALL TAX RETURNS ON BEHALF OF CCL GROUP INC.;

4. ALL DOCUMENTS IN YOUR POSSESSION CONCERNING AND RELATING TO CCL GROUP INC. AND OR EVENLY TANG.

Exhibit 1 Page 5 of 5

LAW OFFICES OF
**RONALD S. GALASI**

August 4, 2008

1350 OLD BAYSHORE HWY., SUITE 825
BURLINGAME, CA 94010

TEL (650) 685-6200
FAX (650) 685-6204

Mr. Edward G. Wang
390 Diablo Road
#138 Danville, CA 94625

    Re:  **Tang v. CCL Group, Inc. and Evelyn Tang**
           **Subpoena of Records**

Dear Mr. Wang:

      Please be advised that I represent both Evelyn Tang and CCL Group, Inc. generally and more particularly with respect to the above-entitled matter.

      I am in receipt of a Subpoena in a civil case which has been served upon you for Tax Returns and other documents of both, CCL Group, Inc. and/or Evelyn Tang. By this letter you are hereby instructed that you have no authorization to release those records to any subpoenaing body, particularly in this matter to either Quest Discovery Services and/or the attorney of record for the Plaintiff, to wit, Adam Wang.

      It is the position of both CCL Group, Inc. and Evelyn Tang that their Tax Returns remain privileged and any attempt to procure them would be a violation of that privilege. Moreover, you are instructed hereby specifically not to release any such tax or other documents absent an Order of the Court. Further, any release of these documents would be deemed an invasion of privacy of both CCL Group, Inc., as well as Evelyn Tang individually.

      By copy of this letter Mr. Adam Wang is hereby advised that both Evelyn Tang and CCL Group, Inc., object to the release of their Tax Returns and/or Tax Records. Both requests are not only without Court Order, but constitute an invasion of privacy as well as a privilege both of which are asserted by CCL Group, Inc. as well as Evelyn Tang.

      I would request of you, Mr. Edward Wang, a written confirmation that you will not release any records requested of you by the Subpoena absent a further Court Order in this case.

Yours truly,

*[signature]*

RONALD S. GALASI, ESQ.

RSG/gp

cc: Adam Wang, Esq.
    Quest Discovery Services

Exhibit 2 - Page 1 of 1