RONALD S. GALASI (SBN 57064)
1350 OLD BAYSHORE HIGHWAY, SUITE 825
BURLINGAME, CALIFORNIA 94010
TEL: (650) 685-6200
FAX: (650) 685-6204

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CAI, and TOM TANG<br><br>Plaintiffs,<br><br>vs.<br><br>CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10,<br><br>Defendants. | Case No.: C07-06444 JL<br><br>Consolidated with Case No. C06-7912 JL<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; ARGUMENT AND POINTS AND AUTHORITIES**<br><br>Date:         September 3, 2008<br>Time:        9:30 a.m.<br>Judge:      Honorable James Larson<br>Trial Date: None |

Plaintiffs now seek to combine two separate and already consolidated Complaints to serve as a consolidated Complaint and also seek to add a cause of action for unpaid wages pursued as civil penalties under California Labor Code Section 558 against Defendant CCL

Group, Inc. as well as persons acting on behalf of CCL Group, Inc. (See Plaintiff's Motion, p2:L16-19).

In fact, the two Complaints filed have already been consolidated by stipulation and Court Order under date of April 1, 2008. A copy of said consolidation is attached hereto as Exhibit 1.

Thus, Defendants herein address only that part of Plaintiffs' Motion seeking leave to amend, to allow an allegation under California Labor Code Section 558.

As noted, the Plaintiffs were two employees of the Defendant CCL Group, Inc. at that restaurant known as Yotaka Sushi Bar and Grill in Danville, California. Tom Tang was employed at the Restaurant from approximately May 1, 2003 to December 31, 2005, a period just under three years; Daniel Cai was employed at the restaurant from August, 2004 through December, 2004.

The Complaint of Tom Tang was filed on or about December 27, 2006. The Complaint for Daniel Cai was filed on or about December 21, 2007.

Both Complaints previously filed have alleged and sought to recover overtime under the Fair Labor Standards Act ("FLSA").

Defendants herein admit that Rule 15 is generally liberally construed to favor amendments to pleadings and that the purpose of said Rule is to "facilitate decision on the merits rather than the pleadings or technicalities" (*Roth v. Garcia Marquez*), 942 F.2d 617, 628 (9th Cir. 1991). However, Rule 15 does not allow such amendments without concern for the propriety of the Motion.

In *Roth*, the Court has found that "Four factors are commonly used to determine the propriety of a Motion for Leave to Amend. These are: bad faith, undue delay, prejudice to the

opposing party, and futility of the amendment." *Roth* 942 F.2d 617 at p.628.  Plaintiffs admit in their Motion (See Plaintiffs' Motion, p.4: L13 et. seq. through p.5:L1-8), that California Labor Code Section 2699.3(c) provides that an action under Section 558, "By an aggrieved employee may be commenced if the employee gave a Written Notice by certified mail to the California Labor and Workforce Development Agency ("CLWDA") and the employer specifying the section the employer had allegedly violated, and the facts and theories supporting the alleged violations, and the employer failed to cure the violation within thirty-three (33) days of the Written Notice by the employee.

In the instant case at bar, notwithstanding the fact that the last day of employment by Plaintiff Tang was on or about December 31, 2005, and the last day of employment by Plaintiff Cai was on or about December 31, 2004, Plaintiffs waited until July 28, 2008 before giving such Written Notice to the "CLWDA".  It is statutorily obligatory that the employer be given thirty-three (33) days of the Written Notice within which to cure the violation.  In the case at bar, Plaintiffs argue that they "anticipate that the Defendant will not cure its violations within thirty-three days of such notice, and Plaintiffs anticipate that by the time of the hearing of this Motion, "CLWDA" will have issued a letter indicating that it does intend to investigate into the alleged violations by Defendants. "Plaintiffs, arguendo, then extrapolate their rights to allow them to now commence a civil action on behalf of themselves and former and current employees pursuant to California Labor Code Section 558.  Attached hereto as Exhibit 2 is the Plaintiffs' letter to the "CLWDA".  Plaintiffs therein request that the "CLWDA' respond to them with a letter asking that said entity "....conduct **no** investigation into this matter." (Defendants July 28, 2008 letter to the Labor and Workforce Development Agency, Paragraph 2, Lines 1 and 2).

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT; ARGUMENT AND POINTS AND AUTHORITIES

Plaintiffs' Motion is, thus, premature. By calculation, thirty-three days from July 28, 2008, would carry the time for the employer to respond until September 1, 2008.

Plaintiffs' Motion was filed on or about July 28, 2008; thus, the Motion is prematurely made. Plaintiffs cannot under the referenced statutory law "anticipate" that no action will be taken by the employer and then, based upon such "anticipation", file a Motion to Amend to Section 558 since the statute clearly relegates the Plaintiffs into waiting at least thirty-three days before seeking any action under Section 558. Thus, a Motion filed effectively 32 days prematurely should not fall within the jurisdiction of this Court for determination on Plaintiffs' rights to amend to include an allegation of violation of Labor Code Section 558.

Moreover, as recited under *Roth*, considerations for prejudice to the Defendants as well as time delays are to be considered by the Court in determining Plaintiffs' rights to amend. Plaintiffs herein allege that the "...proposed amendment will not prejudice the Defendants in this case." As state above, the proposed amendment only adds the cause of action to hold "Evenly" (incorrectly spelled for the Defendant's name is Evelyn Tang) individually liable for unpaid wages under California Labor Code Section 558 pursued as civil penalties.

Defendants respectfully submit that they will be significantly prejudiced by this "last minute amendment". While Defendants do not necessarily argue that a last minute amendment may not be made, but, in addition to the premature filing of the Motion, Defendants respectfully submit that this case has twice been mediated; the first such mediation session was held approximately on or about November 17, 2007. That session took approximately six to seven hours of both Defendants' time and monies for attorney's fees and costs. The case was mediated yet a second time on or about July 24, 2008. That mediation session took

approximately five hours, and, involved a further substantial legal expenditure by Defendants for legal services. During both sessions of mediation the Defendants, obviously not being charged with any 558 violation, contemplated their position and made certain offers commensurate with the Complaints as alleged and absent the Section 558 charge. Attempts by the Plaintiffs at this point in time to amend the Complaint would add tens of thousands of dollars to Defendants' possible exposure and, as such, strongly prejudices the Defendants in that they will have wasted their time and monies on two previous mediation session without being fully advised of the allegations made against them and statutory liabilities faced by them. Thus, Defendants submit that if this Court does find Cause for the Plaintiffs to amend their Complaint to allege a violation of California Labor Code Section 558, that the Plaintiffs be ordered to pay the Defendants no less than $6,000.00 for the monies they have already expended in two mediation sessions.

Additionally, under the rule in *Roth*, the Court is to consider "bad faith" in attempting to bring the allegation and violation charge of Section 558; Defendants respectfully submit herein that it is this very type of bad faith under which Plaintiffs now seek to amend their Complaint.

As above-stated, there have been more than eleven hours of mediation (through two sessions) consumed in an attempt to resolve the instant case. During those session, Defendants have made it abundantly clear that CCL Group, Inc. doing business as Yotaka Sushi Bar & Grill, is, and has been for quite some time, a failing entity. The restaurant is extremely small and family owned and due to the depressed economy, is about to close its doors. Defendants have offered the maximum amounts of money that the Corporation could possibly raise and in an attempt to basically extort more money out of a "rock" Plaintiffs now seek to charge Evelyn Tang with individually liability under Labor Code Section 558 as a simple matter of

"intimidation". Defendants submit that it is this very type of intimidation to which the Court spoke in <u>Roth</u> as constituting bad faith.

The discovery in this case closes December 12, 2008. Plaintiffs knew, in bringing this Motion, that they were violating the thirty-three day statutory proscription and have attempted to "move this case up for consideration" so as to "cut-off" Defendants' likely Motion for Summary Judgment and Adjudication. Had Defendant waited that length of time which by law it is required to wait, this Motion would not be heard in a manner sufficient to allow the Defendants to file their Motion for Summary Judgment to oppose all allegation of the Complaint inclusive of not only the charge against Evelyn Tang under an alter ego theory as currently claimed, but also under a charge of California Labor Code Section 558 violation.

The consolidated action, particularly that action dealing with Tom Tang, was commenced better than two years ago. Plaintiffs knew, or should have known, of their rights under Section 558 serving all the more as proof that Plaintiffs now seek to use the statute in bad faith as a weapon of intimidation.

The decision whether to grant leave to Amend is committed to the sound discretion of the Trial Court. <u>Shipner v. Eastern Airlines, Inc.</u>, 868 F.2d. 401, 406 (11th Cir. 1989). Defendants respectfully submit that substantial reasons exist in the instant case to deny the Plaintiffs' Motion for Leave to Amend as both prematurely made, made for the purposes of bad faith, and made at a time which would severely prejudice the Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/ / /

Executed this 26th day of August, 2008 in the City of Burlingame, County of San Mateo California.

                          Respectfully submitted,

                          /s/
                         RONALD S. GALASI, ESQ.
                         Attorney for Plaintiffs

# EXHIBIT 1

| | |
|---|---|
| 1 | ADAM WANG (STATE BAR NO. 201233) |
|   | LAW OFFICES OF ADAM WANG |
| 2 | 12 South First Street, Suite 613 |
|   | San Jose, CA 95113 |
| 3 | Telephone:  (408) 292-1040 |
|   | Facsimile:  (408) 286-6619 |
| 4 | |
|   | Attorney for Plaintiff |
| 5 | |
|   | RONALD S. GALASI (SBN 57064) |
| 6 | 1350 OLD BAYSHORE HIGHWAY, SUITE 825 |
|   | BURLINGAME, CALIFORNIA 94010 |
| 7 | TEL: (650) 685-6200 |
|   | FAX: (650) 685-6204 |
| 8 | |
|   | Attorney for Defendants |
| 9 | CCL GROUP INC. & EVELYN TANG |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM TANG | Case No. C06-07912 JL |
| Plaintiff, | |
| vs. | STIPULATION TO CONSOLIDATE CASES |
| CCL GROUP INC., DBA YOTAKA SUSHI BAR & GRILL, EVELYN TANG & DOES 1 TO 10, | C06-07912 JL |
| Defendants | C07-06444 WHA |

Parties in the relevant cases, through their respective counsel, stipulate to consolidate this action and the subsequently filed case Cai v. CCL Group Inc. (C07-06444 WHA) as follows:

1. The plaintiff in this action is claiming unpaid overtime wages, liquidated damages, meal period premiums, and "waiting time penalties" under California, Labor Code § 203, attorneys' fees and costs arising out of his employment with Defendant CCL Group Inc. doing business as Yataka Sushi Bar & Grill as a sushi chef.

2. The later filed action Cai v. CCL Group Inc. (C07-06444 WHA) alleges identical causes of action on identical legal theories as result of Defendant's uniform payroll practice. Specifically, both actions alleges against the same defendants for failure to pay overtime in

STIPULATION TO CONSOLIDATE
Tang v. CCL Group Inc., et al   Case No. C07-5243 JF                                                    Page1

violation of Fair Labor Standards Act, willful violation of the Fair Labor Standards Act, failure to pay overtime as required by California laws, civil penalties under California Labor Code § 558, and "waiting time penalties" under California Labor Code § 203. Moreover, parties in both actions are represented by the same counsel.

3. Given the identical causes of actions alleged in both cases, if the cases are conducted before different judges, parties will be burdened with the duplicate of discoveries and the parties and the Court are likely to engage in duplicate set of proceedings in fact finding and motion practices on the identical or substantially identical factual and legal issues. The results of the cases are also likely to be conflicting against each other.

4. Furthermore, at the last Case Management Conference in this case, Defendants counsel stipulated to consolidate two cases and conduct the trial before this Court.

5. As such, parties through their respective counsel hereby formally stipulate to consolidate this case Tang v. CCL Group Inc. (C06-7912 JL) and the case Cai v. CCL Group Inc. (C07-06444 WHA), and conduct the consolidated cases before this Court.

Dated: March 19, 2008          By: /s/ ADAM WANG
                                   Adam Wang
                                   Attorney for Plaintiff

Dated: March 19, 2008          By: /s/ Ronald Galasi
                                   Attorney for Defendants

---

[PROPOSED] ORDER

Pursuant to parties' stipulation, IT IS HEREBY ORDERED that the case Tang v. CCL Group Inc. (C06-7912 JL) and case Cai v. CCL Group Inc. (C07-06444 WHA) be consolidated and consolidated case should proceed before this Court.

IT IS SO ORDERED.
Dated: March __, 2008          By: _____
                                   James Larson
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

**C 06-07912 JL**      Tang v. CCL Group Inc et al

**C 07-06444 WHA**     Cai v. CCL Group Inc et al

I find that the above case is related to the case assigned to me. _____

ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Dated: 3-24-08        _____
                      Magistrate Judge James Larson

# EXHIBIT 2

LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: 408-292-1040
Fax: 408-416-0248

Adam Wang

July 28, 2008

Labor and Workforce Development Agency
State of California
801 K Street, Suite 2101
Sacramento, California 95814

Re:   Plaintiffs Tom Tang and Daniel Cai

      Defendant: CCL Group Inc. and Evenly Tang

Gentlepersons;

    This letter is to file a complaint with your agency concerning violations of the wage and hour laws of the State of California perpetrated by the defendant CCL Group Inc. against Plaintiffs Tom Tang and Daniel Cai. Plaintiffs complain against defendant CCL Group Inc. pursuant to California Labor Code Section 2699, et seq., the Labor Code Private Attorney General Act. This also serves as the notice that Plaintiffs intend to recover civil penalties on behalf of other employees, former or current, against Defendant CCL Group Inc.

    Plaintiffs request that the Labor Workforce and Development Agency conduct *no* investigation into this matter. Plaintiffs have already filed their complaints against the Defendant in United States District Court for the Northern California, respectively entitled Tang v. CCL Group Inc. et al. (C06-07912 JL) and Cai v. CCL Group Inc., et al. (C07-06444 JL) for wage and hour violations. Plaintiffs request that you immediately close your investigation into this matter so that they may amend or file their complaint to include civil penalties under the California Labor Code on their own behalf and on behalf of other former and current employees. An investigation would be duplicative of the litigation process already in the federal court. It would be a waste of the money and resources of the State of California.

    Plaintiffs allege that Defendant CCL Group Inc. and Evenly Tang as the person acting on its behalf are liable for civil penalties due to violations of the Labor Code, Wage Orders and Cal. Code of Regulations as follows:

1) Cal Lab. Code §§ 510, 558: Defendant failed to pay overtime wages when Plaintiffs worked more than eight hours in one day or forty hours in one week;

2) Labor Code § 226.7: Defendant failed to provide their employees with a thirty minute meal period for every five hours worked;

Labor and Workforce Development Agency
Re: CCL Group Inc.
July 28, 2008
Page 2


Once again Plaintiffs request that the Labor Workforce Development Agency immediately close its investigation so that the Plaintiffs may proceed with their law
Sincerely,

*Adam Wang*


Cc: CCL Group Inc.
    3496 Blackhawk Plaza Circle
    Danville, CA 94506

   Evenly Tang
   3496 Blackhawk Plaza Circle
   Danville, CA 94506

   Ronald S. Galasi
   1350 Old Bayshore Highway, Suite 825
   Burlingame, California 94010